CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

12/11/2019

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:99-cr-00086 |
| v. | MEMORANDUM OPINION |
| ROY W. GRAY, | JUDGE NORMAN K. MOON |
| *Defendant.* | |

This matter is before the Court on Defendant Roy W. Gray's Motion to Reduce Sentence Pursuant to the First Step Act of 2018. Dkt. 318. Defendant contends that he is "Immediate Release Eligible." This Court concludes that Defendant has not demonstrated entitlement to a reduction in his sentence, and therefore Defendant's First Step Act Motion will be denied.

Background

On January 18, 2000, Defendant was charged on a superseding indictment with, among other counts, one count of conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkt 321 at 1; Dkt. 318 at 1–2; Dkt. 312 at 3.

On May 15, 2000, the Government filed an Information providing notice of a sentencing enhancement under 21 U.S.C. § 851, on account of a prior felony drug conviction. Dkt. 321 at 1–2; Dkt. 312 at 3. The § 851 enhancement increased the minimum penalty for Defendant's offense from 10 years to 20 years. Dkt. 321 at 1–2; Dkt. 318 at 2. That day, Defendant pleaded guilty with the benefit of a plea agreement to the one count of conspiracy to distribute 50 grams or more of cocaine base. Dkt. 318 at 1–2; Dkt. 312 at 3; Dkt. 105, 106.

1

On August 29, 2000, the Government moved for a downward departure at sentencing based upon Defendant's substantial assistance. This Court granted the motion and sentenced Defendant to 162 months' imprisonment, followed by a ten-year term of supervised release. Dkt. 162 at 2–3. Defendant served his sentence and was then released from the custody of the Bureau of Prisons. Dkt. 318 at 2.

On June 16, 2014, after his release from custody but still on supervised release, Defendant was indicted in Charlottesville Circuit Court on two counts of distribution of cocaine; he subsequently was arrested and pleaded guilty to both state charges. Dkt. 279. On October 10, 2014, Defendant's probation officer petitioned this Court to revoke Defendant's term of supervised release on account of his two convictions. Dkt. 279, 280. On March 6, 2017, this Court revoked Defendant's supervised release and imposed a sentence of 48 months' imprisonment. Dkt. 299. As of the date of this Memorandum Opinion, Defendant is currently incarcerated. The Federal Bureau of Prisons website calculates his release date will be June 16, 2020. Dkt. 321 at 2.[1]

In May 2019, Defendant filed a motion seeking a reduction in sentence pursuant to the First Step Act, followed in August 2019 by Defendant's Amended Motion to Reduce Sentence, which is under consideration here. Dkt. 311, 318. The Government filed an opposition brief in October 2019 and Defendant filed a reply thereafter.[2] The Government has since filed a Notice of Supplemental Authority. Dkt. 324. The matter is fully briefed and ripe for disposition.

---

[1] The Court notes that Defendant's First Step Act Motion states that he has a later release date of July 14, 2020. Dkt. 318 at 3.

[2] The Government sought leave to file its opposition brief out of time, which this Court will grant. Dkt. 318.

2

## Legal Framework

Section 404(b) of the First Step Act, the provision under which Defendant seeks relief, states that:

> Defendants Previously Sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. The First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by [S]ection 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* § 404(a), 132 Stat. at 5222. A later provision, Section 404(c), further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c), 132 Stat. at 5222. A district court's decision whether to afford relief to an eligible defendant under the First Step Act is a discretionary one. *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019).

Modifications of sentences pursuant to the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states that "[t]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *See also Wirsing*, 943 F.3d at 183 ("We hold that § 3582(c)(1)(B) is the appropriate vehicle for a First Step Act motion."). And, in determining a defendant's eligibility under § 3582(c)(1)(B), a court "must look to the applicable statute to determine 'the extent' to which modification is 'expressly permitted by [that] statute.'" *Wirsing*, 943 F.3d at 185 (quoting 18 U.S.C. § 3582(c)(1)(B)).

Covered Offense

This Court will first consider whether Defendant has committed a "covered offense" within the meaning of the First Step Act.

Defendant argues at the outset that his underlying offense is a "covered offense" because (1) the offense was committed before August 3, 2010, and (2) the statutory penalties that Defendant was subject to at the time of sentencing were modified by the Fair Sentencing Act. Dkt. 318 at 3–4. Defendant contends that, if the Fair Sentencing Act had been in effect at the time he committed his offense of conviction, he would have been subject to a five-year rather than a ten-year mandatory minimum sentence. Dkt. 318 at 3–4 (citing 21 U.S.C. § 841(b)(1)(A), which increased threshold requirement to trigger ten-year mandatory minimum from 50 grams to 280 grams of cocaine base).

In its original response, the Government disagreed, arguing that the relevant offense here is Defendant's sentence imposed upon revocation of his supervised release. The Government argued that the First Step Act has no application to sentences imposed on supervised release revocations, and that this Court lacks jurisdiction to reduce his sentence. Dkt. 321 at 4. The Government's rationale proceeded as follows: (1) a court imposes a revocation sentence pursuant to 18 U.S.C. § 3583(e)(3)—not 21 U.S.C. § 841(b); (2) the Fair Sentencing Act did not affect the penalties for sentences imposed pursuant to 18 U.S.C. § 3583(e)(3), as it did for 21 U.S.C. § 841(b); and, accordingly (3) Defendant is not serving a sentence on a "covered offense," as defined in the First Step Act. Dkt. 321 at 4–6. In his reply, Defendant argued that a defendant serving a sentence for a supervised release violation—when the term of supervised release was part of a sentence for an original crack cocaine conviction—still is serving a sentence for a "covered offense" under the First Step Act. Dkt. 322 at 3–4.

As the Government's Notice of Supplemental Authority acknowledges (Dkt. 324), the Fourth Circuit's recently-published decision in *United States v. Venable*, 943 F.3d 187 (4th Cir. 2019), resolves this issue in Defendant's favor.[3] In that case, the Fourth Circuit considered whether the First Step Act authorized a reduction in the defendant's sentence when "he had completed his original term of imprisonment and was currently in custody following revocation of supervised release." *Id*. at 188.

The Fourth Circuit's analysis in *Venable* was guided by the "unitary sentence framework," which recognizes "custodial and supervised release terms as components of one unified sentence." *Id.* at 193–94. Applying that framework, the court concluded that "Venable's revocation sentence is a component of his underlying original sentence for the drug conviction." *Id.* at 194. And, "given that Venable's revocation sentence is part of the penalty for his initial offense," the Fourth Circuit held that Venable was "still serving his sentence for a 'covered offense' for purposes of the First Step Act." *Id.* A district court therefore has authority to consider a motion for a sentence reduction at that later point in time, as if the defendant were still serving the original custodial sentence. *Id.*

In this case, there is no dispute that Defendant's underlying conviction is for a "covered offense" under the First Step Act. *See* Dkt 324 at 1–2; Dkt. 321 at 3–6. Because Defendant is serving a revocation sentence that is part of the penalty for that initial offense and drug conviction, he is still serving a sentence for a "covered offense" for First Step Act purposes.

Consideration of Request to Modify Defendant's Sentence

The fact that this Court has the *authority* to consider Defendant's request to modify his sentence does not end the inquiry—the question remains whether Defendant has demonstrated that

---

[3] The Court notes that the parties did not have the benefit of *United States v. Venable* when they originally briefed this issue. The Government filed a Notice of Supplemental Authority on December 10, 2019, addressing the impact of *Venable* on this case. Dkt. 324.

he is *entitled* to a reduced sentence under the First Step Act. *See Venable*, 943 F.3d at 194 (distinguishing between the court's holding that a district court had authority to resentence a defendant, and whether the defendant was entitled to the exercise of such authority).

Defendant contends that a reduction of his sentence is appropriate and consistent with the purposes of the Fair Sentencing Act, *i.e.*, to "reduce[] the statutory penalties for cocaine based offenses" such as to "alleviate the sentencing disparity between crack and powder cocaine." Dkt. 318 at 5 (quoting *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016)). Defendant's argument proceeds as follows: (1) if the Fair Sentencing Act was in effect when he was sentenced, Defendant would have had an advisory guideline range of 188 to 235 months, rather than 262 to 327 months; (2) this Court imposed a sentence of 162 months, reflecting a downward departure from the low end of the then-applicable range by 38 percent on account of the Government's substantial assistance motion; and thus (3) had this Court similarly sentenced Defendant to a 38 percent reduction from the low end of the lower 188 to 235 month range under the Fair Sentencing Act, Defendant would have received a sentence of 116 months rather than 162 months. Indeed, Defendant argues, with good time credit, he "would have likely served about 100 months of a 116-month sentence. Instead he served almost 141 months." *See* Dkt. 318 at 5. In other words, Defendant contends that he "overserved his likely sentence by more than 40 months." *Id.* at 6.

Defendant's argument has several more steps, since he already was released from prison from his original custodial sentence, and then, while on supervised release, Defendant was indicted on and pleaded guilty to two further counts of distribution of cocaine. As a result of his violation of a mandatory term of supervised release, this Court revoked his supervised release and imposed a revocation sentence of 48 months' imprisonment. *See* Dkt. 299.

Defendant argues that a sentence reduction pursuant to the First Step Act is still warranted in these circumstances, because he "has over served his original sentence by more than 40 months,

and he still has approximately 11 months left to serve on his sentence for violation of supervised release." Dkt. 318 at 6. Defendant contends that "the most the court can do is only partially redress the inequity of [his] situation," and should do so by "shorten[ing] the time that he continues to over serve his sentence." *Id.*

This Court finds Defendant's arguments unpersuasive and holds, considering the specific circumstances of his case, Defendant has not established a reduction of his sentence is warranted pursuant to the First Step Act.

The practical import of Defendant's position is that, since he has overserved time on his original custodial sentence by 40 months, he should receive credit for those 40 months today, which can be applied against and used to shorten the sentence this Court imposed following Defendant's violation of the terms of supervised release. This Court recalls public policy concerns articulated by the Fourth Circuit when it expressed—albeit in different circumstances—that "the availability of credit against sentences for future crimes would provide a sense of immunity and incentive to engage in criminal conduct." *Miller v. Cox*, 443 F.2d 1019, 1021 (4th Cir. 1971) (rejecting argument that time served on voided convictions should remain available to any valid sentence imposed upon the defendant for future criminal conduct).

This Court finds that similar public policy considerations, including the need to protect the public and the need for deterrence, counsel against allowing this Defendant or indeed any other defendant to "bank" time on an original sentence and seek to use that time as a basis for reduced incarceration on a revocation sentence. When a court imposes a term of supervised release, it is instructed to consider, among other things, "the need to afford adequate deterrence to criminal conduct," and the need "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3583(c), 3553(a)(2)(B), (C). Accepting Defendant's argument "would undermine the purpose of supervised release," because it would impair a court's ability to sanction defendants for violating

the terms of release. *See United States v. Smith*, No. 5:05-cr-30044, 2019 WL 3557886, at *3–4 (W.D. Va. Aug. 5, 2019) (Urbanski, C.J.), *appeal filed*, No. 19-7202 (4th Cir. Aug. 19, 2019). Indeed, "[i]t has long been the court's policy … to avoid permitting criminal defendants to 'bank time' against any future supervised release violation as a result of a change in their sentence or the Sentencing Guidelines," because doing takes away the threat of punishment and thereby removes "the primary disincentive to criminal conduct." *United States v. Venable*, No. 4:97-cr-70070, 2019 WL 6337419, at *2 (W.D. Va. Nov. 26, 2019) (Kiser, J.). In addition, the rehabilitative goals of supervised release would also be undermined were this Court to allow defendants, like Gray, to reduce sentences following revocation of supervised release due to previously overserved time. *See United States v. Johnson*, 529 U.S. 53, 59 (2000) ("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release.").[4] And, as the Government argues in its Notice of Supplemental Authority, revocation sentences are intended to sanction "the defendant's breach of trust." Dkt. 324 at 2 (citing U.S.S.G. ch. 7, pt. A, Introductory Comment n.3(b)). The Court concludes that, in this case, it would not be in the interests of justice to permit any overserved time on Defendant's original custodial sentence to offset and reduce the sanction imposed (his revocation sentence) for his breach of trust.

Defendant's particular violation of the terms of his supervised release weighs further still against his claim to a sentence reduction. While he was on supervised release, Defendant pleaded guilty to two counts of distribution of cocaine, thereby violating a mandatory condition of his supervised release. Dkt. 299. But Congress has provided revocation of supervised release is

---

[4] *See also United States v. Elliott*, No. 5:02-cr-30031, 2019 WL 5381979, at *4 (W.D. Va. Oct. 16, 2019) (Urbanski, C.J.), *appeal filed*, No. 19-7627 (4th Cir. Nov. 1, 2019) (allowing prisoners to "bank" time on overserved sentences to offset terms of incarceration following revocation of supervised release "would provide a disincentive to obey the terms of supervised release").

mandatory and imposition of a term of imprisonment shall be required when a defendant possesses a controlled substance in violation of the terms of supervised release. 18 U.S.C. § 3583(g)(1); *see also Smith*, 2019 WL 3557886, at *3. Allowing Defendant to bank time and shorten or avoid a revocation sentence under these circumstances would also undermine Congress's mandate in enacting § 3583(g)(1).

Defendant argues that concerns about "disincentives to comply" do not apply to his case because he does not have any future term of supervised release. Dkt. 322 at 4. To the contrary, such concerns are equally applicable to Defendant. Were this Court to accept Defendant's position, a defendant who *had violated* the terms of their supervised release and was serving a revocation sentence *would be eligible* for a sentence reduction under the First Step Act, while a defendant who *was complying* with the terms of their supervised release *would not be eligible* for such relief. This Court will not draw the distinction argued for by Defendant, because it would only create a perverse incentive not to comply with the terms of supervised release.

Finally, Defendant argues that the *Smith* decision is not on firm legal footing because the court did not consider the sentencing factors in 18 U.S.C. § 3553(a), nor provide an individualized explanation why it denied the motion for reduction. Dkt. 322 at 4. This Court disagrees and finds the reasoning in *Smith* (and *Venable* and *Elliott*) persuasive. But in any event, critiquing *Smith* does not constitute an affirmative argument by Defendant that the Court in this case should weigh any of the § 3553(a) sentencing factors in any particular manner.

This Court has weighed the relevant § 3553(a) factors here and finds particularly significant the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the Defendant. *See id.* §§ 3553(a)(2)(B), (C). This Court has considered Defendant's arguments and concludes that reducing Defendant's revocation sentence based on any overserved time in his original custodial sentence would undermine rather than support those sentencing

considerations. Accordingly, while this Court is authorized to afford Defendant relief under the First Step Act as the Fourth Circuit held in *Venable*, this Court also concludes that Defendant has not shown he is entitled to a discretionary reduction of his sentence.

For the foregoing reasons, this Court will deny Defendant's First Step Act Motion in an accompanying Order, to follow.

Entered:  This \_11th\_\_ day of December, 2019.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE